# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| DAVID REVELES,<br><br>        Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>        Defendant. | 2:19-cv-00100-VCF<br><br>**<u>ORDER</u>**<br><br>MOTION FOR REMAND [ECF NO. 16]; MOTION TO AFFIRM [ECF NO. 19] |

This matter involves plaintiff David Reveles's appeal from the Administrative Law Judge's ("ALJ") decision denying his social security benefits. Before the Court are Reveles's motion for remand (ECF No. 16) and the Commissioner's cross-motion to affirm and response (ECF Nos. 19, 20). The Court GRANTS plaintiff's motion to remand and DENIES the Commissioner's cross-motion.

**I.    Standard of Review**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S.

Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.     Background**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded plaintiff had not engaged in substantial gainful activity since April 13, 2016, the alleged onset date. (AR[1] 34). The

---

[1] The Administrative Record ("AR") is found at ECF No. 12.

ALJ found plaintiff had the following severe impact impairments: obesity and osteoarthritis. (*Id.*). The ALJ found plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ assessed Reveles as retaining the residual functional capacity to perform the demands of light work except:

> [He] can lift twenty pounds occasionally and ten pounds frequently. He could sit for six hours. He can stand and walk for six hours. He can occasionally climb ramps and stairs. He can occasionally stoop, kneel, crouch and crawl. He can perform work that does not require climbing ladders, ropes, or scaffolds. He can perform work that avoids concentrated exposure to vibration and hazards.

(*Id.* at 36). The ALJ found that Reveles is unable to perform his past relevant work as a paver in construction. (*Id.* at 39).

The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act through June 30, 2016. (*Id.* at 34). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from April 13, 2014 through the date of the decision on January 22, 2018. (*Id*. at 41).

Plaintiff challenges the ALJ's conclusions on one ground: that the ALJ improperly rejected Reveles's testimony. (ECF No. 16 at 6). Plaintiff argues that the ALJ failed to provide, "specific, clear and convincing" findings in support of the ALJ's rejection of plaintiff's testimony. (*Id.* at 11).

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF No. 20 at 3). The Commissioner argues that the, "[p]laintiff's illegal drug use reflected non-compliance with agreed treatment regimen." (*Id.* at 9).

**A. Rejecting Plaintiff's Pain and Symptom Testimony**

The ALJ must engage in a preliminary two-step analysis before discounting the claimant's testimony regarding his subjective symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035- 36 (9th Cir.

2007). The ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If the claimant meets this first test, and there is no evidence of malingering, the claimant's testimony regarding the severity of symptoms may only be rejected for "specific, clear and convincing reasons." See *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

To reject the claimant's testimony, the ALJ must point to specific facts in the record that demonstrate the individual's symptoms are less severe than she claims. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). General findings are not enough: the ALJ must identify which testimony is not credible and what evidence undermines it. *Lester*, 81 F.3d at 834. The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); citing to *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). The Ninth Circuit has found that, "an ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific finding in support' of that conclusion, is insufficient." *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted). An ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." *Merritt v. Colvin*, 572 F. App'x 468, 470 n.1 (9th Cir. 2014).

4

The ALJ found plaintiff's medically determinable impairments could be reasonably expected to cause the alleged symptoms. (AR 38). The ALJ found that that Reveles's statements concerning intensity, persistence, and limiting effects of his symptoms are "not entirely consistent with the medical evidence and other evidence in the record for the reasons stated in this decision." (*Id.*) The ALJ summarized the medical evidence but she did not identify which portions of Reveles's testimony contradicted the evidence or what she found not credible. (AR 38-39). The ALJ's general statements regarding the insufficiency of the medical evidence fall short of the specificity required by the Ninth Circuit.

The ALJ found:

> Urine analysis drug testing revealed that the claimant was positive for methamphetamine and cocaine (exhibit 6F). However, a urine drug screen from April 27, 2017 was consistent with his medication (Exhibit 19F, 4). Yet, the claimant did not appear to be compliant with his treatment due to his drug use.

(AR 38). Exhibit 6F reveals that plaintiff tested positive for drugs on August 29, 2016. (AR 442). The April 27, 2017 record that the ALJ refers to in the next sentence shows that Reveles "was consistent with his medication." The ALJ's conclusion ("Yet, the claimant did not appear to be compliant with his treatment due to his drug use") is not clear or convincing because the more recent testing she cites shows he is compliant with the agreed treatment regimen. It is unclear if the ALJ considered the plaintiff's explanation at the hearing regarding the drug test where he tested positive and his continued monthly treatments since 2016. *Merritt v. Colvin*, 572 F. App'x 468, 470 n.1 (9th Cir. 2014) ("[T]he ALJ must simply 'consider' explanations if the applicant offers them.") The Court finds that the ALJ did not make specific, clear, and convincing findings regarding how plaintiff's testimony is contradicted by the record.

5

### III.     Remand

The Court finds the ALJ did not give clear and convincing reasons for discrediting plaintiff's testimony. The Court recommends the case be remanded to the agency for further administrative proceedings. When the Court finds an ALJ erred in denying social security benefits, ordinarily the Court "must remand to the agency for further proceedings before directing an award of benefits*." Leon v. Berryhill*, 874 F.3d 1130 at 5 (9th Cir. 2017, amended Jan. 25, 2018) (citing *Treichler v. Comm'r of SSA.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

The "credit-as-true," rule permits a direct award of benefits on review in rare circumstances. *Id.* at 3. Under the three-part rule, the Court first considers whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id*. at 6.  This step is met for the reasons set forth above. At the second step, the Court considers whether there are "outstanding issues that must be resolved before a disability determination can be made" and whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1101. "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104. "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105. Because the ALJ's findings regarding the claimant's subjective testimony are inadequate, remand for further findings on credibility is appropriate. See *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995). The Court finds further administrative proceedings are necessary and recommends the case be remanded.

Having reviewed the administrative record as a whole, the Court finds that the ALJ's decision is not wholly supported by substantial evidence and recommends the case is remanded.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff's motion for reversal and/or remand (ECF No. 16) is GRANTED and the case is REMANDED, and the Commissioner's cross-motion to affirm (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that under Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul[2] for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter final judgment in favor of plaintiff and against the defendant, reversing the final decision of the Commissioner.

DATED this 11th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] After the parties briefed the motion, Andrew Saul was sworn in as Commissioner of the Social Security Administration. As permitted under Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.